MEMORANDUM**
Gary Ozenne appeals pro se the district court’s order affirming the bankruptcy court’s order denying his motion to set aside the dismissal of a prior Chapter 13 proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, In re Fowler, 394 F.3d 1208, 1212 (9th Cir.2005), and we affirm.
The record shows the bankruptcy court dismissed Ozenne’s fifth bankruptcy proceeding because the parties stipulated to a payment plan and the Trustee moved to dismiss. Ozenne filed two subsequent bankruptcies before seeking to set aside the dismissal in his fifth proceeding. The bankruptcy court denied Ozenne’s request to set aside the dismissal of this proceeding because there was no evidence that Ozenne had made or could make all of the plan payments, see 11 U.S.C. § 1307(c) (bankruptcy court may dismiss Chapter 13 proceeding for reasons including “material default by the debtor with respect to a term of a confirmed plan”), and Ozenne could have raised contentions about the title of his home in subsequently-filed proceedings, see, e.g., Nash v. Kester (In re Nash), 765 F.2d 1410, 1413 (9th Cir.1985) (“A debtor is not barred by res judicata from listing debts in a later Chapter 13 petition that were listed in a previous Chapter 13 case which was dismissed without prejudice and without obtaining a discharge of the debts.”). We agree with the district court that the bankruptcy court did not abuse its discretion in denying Ozenne’s motion. See Fed. R. Bankr.P. 9024 (Fed.R.Civ.P. 60 applies to bankruptcy cases); Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (denial of a motion to vacate a judgment under Rule 60(b) reviewed for abuse of discretion).
Ozenne’s remaining contentions lack merit.
Appellees’ request to strike portions of Ozenne’s briefing to this court is denied.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.