**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE GARY LAWRENCE OZENNE, *Debtor*, | No. 11-60039 BAP No. 11-1208 |
| GARY LAWRENCE OZENNE, *Petitioner-Appellant*, v. CHASE MANHATTAN BANK; OCWEN LOAN SERVICING; OCWEN FEDERAL BANK FSB, *Respondents-Appellees.* | OPINION |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Markell, and Dunn, Bankruptcy Judges, Presiding

Submitted En Banc September 8, 2016[*]
San Francisco, California

Filed November 9, 2016

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Sidney R. Thomas, Chief Judge, and Alex
Kozinski, Susan P. Graber, M. Margaret McKeown,
Richard A. Paez, Marsha S. Berzon, Consuelo M. Callahan,
N. Randy Smith, Paul J. Watford, John B. Owens and
Michelle T. Friedland, Circuit Judges.

Opinion by Judge N.R. Smith

## SUMMARY[**]

### Bankruptcy

Vacating the Bankruptcy Appellate Panel's order denying a chapter 13 debtor's petition for a writ of mandamus, the en banc court held that the BAP lacked jurisdiction to hear the mandamus petition.

The mandamus petition challenged the bankruptcy court's refusal to consider the debtor's motion for sanctions for violations of 11 U.S.C. § 362(a). The en banc court held that mandamus was not available to the debtor because he filed the mandamus petition as a substitute for filing the timely appeal required by the Federal Rules of Bankruptcy Procedure. The debtor's failure to file a timely appeal from the bankruptcy court's order jurisdictionally barred the BAP from considering the mandamus petition.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The en banc court vacated the BAP's order and remanded the case with instruction to dismiss the mandamus petition for lack of jurisdiction.

## COUNSEL

Gary Lawrence Ozenne, Corona, California, pro se Petitioner-Appellant.

Jeffrey S. Allison and Eric D. Houser, Houser & Allison, Irvine, California, for Respondents-Appellees.

Thomas R. Phinney, President, Sacramento, California, as and for Amicus Curiae California Bankruptcy Forum.

Paulette Brown, President, American Bar Association, Chicago, Illinois; Ahmed R. Jinnah and Samuel R. Maizel, Dentons US LLP, Los Angeles, California; for Amicus Curiae American Bar Association.

John A.E. Pottow, University of Michigan Law School, Ann Arbor, Michigan, for Amicus Curiae John A. E. Pottow.

## OPINION

N.R. SMITH, Circuit Judge:

   This matter comes before the en banc court on an appeal, filed by Gary Ozenne, from the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). The BAP determined that it had jurisdiction to hear Ozenne's petition for a writ of mandamus and then denied the petition. However, the BAP did not have jurisdiction to hear Ozenne's petition. Mandamus was not available to Ozenne because he filed the petition as a substitute for filing the timely appeal required by the Federal Rules of Bankruptcy Procedure. Ozenne's failure to file a timely appeal jurisdictionally barred the BAP from considering the petition for writ of mandamus.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Ozenne's Initial Bankruptcy Petition

   The history of this litigation is lengthy. This case—Ozenne's fifth chapter 13 bankruptcy—was filed on May 17, 2001, in the United States Bankruptcy Court for the Central District of California. At that time, Chase Manhattan Bank, Ocwen Loan Servicing, and Ocwen Federal Bank FSB ("the Financial Institutions") held and/or serviced a mortgage on Ozenne's home, and they were scheduled to foreclose on the mortgage on May 17, 2001. However, Ozenne filed for bankruptcy that same day in an attempt to stop the foreclosure. Ozenne was unable to make his scheduled payments under this fifth chapter 13 plan. Thus, on a motion to dismiss filed by the trustee, the bankruptcy court dismissed the case in March 2002. Ozenne filed for chapter 13 bankruptcy at least two more times, and both cases were

dismissed. The Financial Institutions finally successfully foreclosed on Ozenne's mortgage on July 31, 2002.

## B. Ozenne's First Attempt to Reopen the Case

In February 2003, Ozenne filed a motion in the bankruptcy court to reopen this fifth bankruptcy. Ozenne alleged that his creditors sold his residence unlawfully in violation of an automatic stay. The bankruptcy court denied the motion on March 28, 2003. The United States District Court for the Central District of California affirmed on August 5, 2003. We affirmed on June 24, 2005, *Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 137 F. App'x 62 (9th Cir. 2005) (unpublished), and the Supreme Court denied certiorari, *Ozenne v. Chase Manhattan Bank*, 546 U.S. 1178 (2006).

## C. Ozenne's Second Attempt to Reopen the Case

In April 2007, Ozenne filed another motion in the bankruptcy court. This time he sought to set aside the bankruptcy court's judgment under Federal Rule of Civil Procedure 60 and sought damages under 11 U.S.C. § 362. Section 362(k) permits a debtor to recover damages in the case of a violation of a bankruptcy stay. The bankruptcy court returned the motion to Ozenne, stating that the case had been dismissed and that the court no longer had jurisdiction to consider the case.[1]

Ozenne appealed to the district court, contesting the bankruptcy court's determination that it lacked jurisdiction

---

[1] These documents do not appear on the bankruptcy court docket but were submitted in the parties' excerpts of record.

over the case. The district court affirmed on the ground that the Rule 60 motion was filed four years too late. Ozenne appealed the ruling to this court, and we affirmed on June 30, 2009. However, before we ruled on the appeal, Ozenne filed a petition for writ of mandamus here in February 2009. The petition asserted that Chase Manhattan Bank "unlawfully issued a trustees [sic] deed" for his property to a third party "in violation of the bankruptcy automatic stay" and sought "a hearing under 11 [U.S.C. §] 362(k) . . . to determine the damages caused by this violation of law." We denied the petition, and the Supreme Court denied Ozenne's petition for writ of certiorari. *Ozenne v. Chase Manhattan Bank*, 559 U.S. 943 (2010).

### D. Ozenne's Third Attempt to Reopen the Case

On November 13, 2009, Ozenne filed another motion for sanctions with the bankruptcy court for violations of 11 U.S.C. § 362(a). On January 27, 2011, the bankruptcy court again denied the motion and returned it to Ozenne, reiterating that the case was closed and that the court lacked jurisdiction to hear the motion.[2]

Ozenne never appealed this denial. Instead, on May 2, 2011, he filed a petition for writ of mandamus with the BAP, asking the BAP to order the bankruptcy court to hold a trial or hearing on the alleged § 362(a) violations. On May 20, 2011, without receiving a response from the Financial Institutions, the BAP determined that it had the authority to issue a writ of mandamus but denied the petition because Ozenne "ha[d] not met the burden to establish that a writ of

---

[2] This denial also does not appear on the bankruptcy court's docket but was submitted in the excerpts of record.

mandamus should be issued." Ozenne filed his notice of appeal to this court on June 20, 2011. That appeal is currently before us.

The Financial Institutions claim they received no notice of the petition, the BAP's decision, or the appeal. When the Financial Institutions had not filed a response by October 24, 2012, this court issued a notice, informing them that they had fourteen days to file an answering brief. Despite this notice, the Financial Institutions did not appear until August of 2015. After allowing the Financial Institutions to file a late brief, a three-judge panel issued an opinion on March 25, 2016, vacating the BAP's order. The majority held that the BAP lacked jurisdiction under the All Writs Act, because the BAP, established by the circuit judicial council pursuant to 28 U.S.C. § 158(b)(1), was not "established by Act of Congress." *Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 818 F.3d 514, 515 (9th Cir. 2016) (quoting 28 U.S.C. § 1651(a)). Accordingly, the panel "remand[ed] the case with instructions to dismiss the petition for lack of jurisdiction." *Id.* at 522. Judge Bybee "concurr[ed] in the judgment but vigorously disagree[d] with" the majority's decision to raise constitutional issues when the appeal could have been decided on alternate grounds, and also disagreed with the majority's characterization of the BAP. *Id.* (Bybee, J., dissenting).

Thereafter, we asked the parties to submit briefs as to whether the case should be heard en banc. A majority of non-recused active judges ultimately voted to rehear the case en banc.[3]

---

[3] *Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 828 F.3d 1012 (9th Cir. 2016) (order granting rehearing en banc).

## DISCUSSION

We have jurisdiction to hear Ozenne's appeal from the BAP. *See* 28 U.S.C. § 158(d)(1). We address whether the BAP had jurisdiction to hear Ozenne's mandamus petition.

Generally, a federal court must first determine whether it has jurisdiction before reaching the merits of a case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). On appeal, the appellant has the burden of establishing that the appellate court has jurisdiction to hear the case. *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016). The deadline to file an appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); *see also Melendres*, 815 F.3d at 649 ("[W]e are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be."). This rule also applies to federal bankruptcy appeals. *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327–28 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

A party to a bankruptcy proceeding has fourteen days to appeal a bankruptcy judge's order. Fed. R. Bankr. P. 8002(a)(1). Ozenne's November 2009 motion asked the bankruptcy court "to conduct a hearing or a trial with a jury of peers under 11 [U.S.C. §] 362(k), to legally inspect these violations of bankruptcy law, and determine damages." Ozenne had the right to appeal the bankruptcy court's January 27, 2011 decision that it lacked jurisdiction to hear this motion either to the district court or to the BAP. *See* Fed. R. Bankr. P. 8003; 28 U.S.C. § 158(a). Ozenne did not appeal

the decision within the mandatory and jurisdictional time limit.**[4]** Therefore, the BAP lacked jurisdiction to consider any appeal of this decision.

Instead of filing a timely appeal, Ozenne filed a mandamus petition with the BAP on May 2, 2011. Ozenne's petition sought "an order from [the BAP] ordering a trial or hearing for the violations of law under 11 [U.S.C. §] 362." Thus, Ozenne's mandamus petition sought exactly what a proper appeal of the bankruptcy court's January 2011 order would have sought: relief from the bankruptcy court's determination that it did not have jurisdiction to hear the case. The mandamus petition sought the precise relief that would have been available in an appeal had Ozenne filed a timely notice of appeal. We must then determine whether such a writ of mandamus can substitute for a timely appeal.

We acknowledge that "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem*, 549 U.S. at 431 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). However, as a "fundamental rule of judicial restraint," we "must consider nonconstitutional grounds for decision" before "reaching any constitutional questions." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citations and internal quotation marks omitted). Accordingly, we must first address

---

**[4]** Ozenne has stated that he did not become aware of the bankruptcy court's order until February 14, 2011, a few days after the fourteen-day deadline to appeal had passed. However, Ozenne still had time to file a motion for extension of time to appeal. Fed. R. Bankr. P. 8002(d)(1)(B) (permitting a party to file a motion to extend the time to appeal, so long as the motion is filed within twenty-one days of the fourteen-day deadline and the party shows excusable neglect). Ozenne failed to file such a motion; rather, he filed nothing until his petition for writ of mandamus.

whether the BAP had jurisdiction to hear Ozenne's appeal as a matter of procedure and only reach the constitutional question of whether the BAP had jurisdiction to hear Ozenne's appeal under the All Writs Act if we determine there is no procedural bar.

Procedurally, a writ of mandamus cannot substitute for a timely appeal. *Calderon v. U.S. Dist. Court for Cent. Dist. of Cal.*, 137 F.3d 1420, 1421 (9th Cir. 1998) (dismissing a mandamus petition for lack of jurisdiction where the petitioner had filed it after the deadline to file a notice of appeal, and explaining that "[b]ecause [the petitioner] could have obtained review of the district court's order through an ordinary appeal, mandamus is not available"). Thus, where a party has the option of filing "a contemporaneous ordinary appeal," mandamus relief "is not available." *Herrington v. Sonoma Cty.*, 706 F.2d 938, 940 (9th Cir. 1983) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 8 n.6 (1983)). In short, an appellate court does not have "mandamus jurisdiction over a matter subject to direct appeal." *Diamond v. U.S. Dist. Court for Cent. Dist. of Cal.*, 661 F.2d 1198, 1198 (9th Cir. 1981) (order) (citation omitted) (refusing to construe a mandamus petition as a notice of appeal when the petitioner filed the mandamus petition after the deadline for filing a notice of appeal had passed); *see also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) ("[Mandamus] may not appropriately be used merely as a substitute for the appeal procedure prescribed by the statute."); *Ex parte Rowland*, 104 U.S. 604, 617 (1881) ("The general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary remedy, may not be done with it. It only lies when there is practically no other remedy." (emphasis in original)). To allow a party to seek a writ of mandamus in an

appellate court in order to obtain relief from an appealable district court decision—after the time to appeal that decision has passed—would be a plain evasion of rules that are, as noted above, mandatory and jurisdictional.

Finally, a writ of mandamus could not issue. The writ of mandamus is "one of 'the most potent weapons in the judicial arsenal.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)). Accordingly, three conditions must be present before a writ of mandamus may issue. *Id.* "First, 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.'" *Id.* (alteration in original) (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). Second, the petitioner's right to issuance of the writ must be "clear and indisputable." *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted). The Ninth Circuit has also articulated the following five factors, laid out in *Bauman v. U.S. District Court*, 557 F.2d 650 (9th Cir. 1977), in determining whether mandamus relief is appropriate:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or

manifests a persistent disregard of the federal rules.  (5) The district court's order raises new and important problems, or issues of law of first impression.

*United States v. U.S. Dist. Court for Dist. of Nev. (In re United States)*, 791 F.3d 945, 955 & n.7 (9th Cir. 2015) (quoting *Bauman*, 557 F.2d at 654–55).

Although Ozenne fails to satisfy any of the conditions for mandamus relief, we need only discuss the first condition in determining whether a writ could issue:  The party seeking issuance of the writ must have no other adequate means to attain the desired relief.  The first condition is "designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380–81 (citing *Ex parte Fahey*, 332 U.S. 258, 260 (1947)).  Because appellate review of the bankruptcy court's order dismissing the motion for sanctions was available to Ozenne, a writ of mandamus granting him relief from that order could not issue.

## CONCLUSION

Ozenne could have appealed the bankruptcy court's January 2011 decision.  But he did not.  Instead Ozenne waited for the notice of appeal deadline to pass and then filed a mandamus petition seeking precisely the same relief he would have sought in an appeal.  In effect, then, despite its label, the petition was an untimely appeal.  The BAP would not have had jurisdiction to consider the untimely appeal. *See In re Mouradick*, 13 F.3d at 327.  As a writ of mandamus cannot substitute for a timely appeal, the BAP also did not have jurisdiction to consider the appeal labeled as a

mandamus petition.  *See Calderon*, 137 F.3d at 1422; *Diamond*, 661 F.2d at 1198.  Ozenne will not be permitted to use mandamus to circumvent the jurisdictional requirement that he file a timely appeal.  The BAP should have dismissed the petition for that reason.[5]

We vacate the BAP's May 20, 2011, Order and remand the case with instruction to dismiss the petition for lack of jurisdiction.  Parties shall bear their own costs for the appeal.

**VACATED and REMANDED.**

---

[5] Because of the ground on which we resolve this appeal, we need not and do not decide whether the BAP had consensual jurisdiction to hear Ozenne's mandamus petition, whether the BAP required consensual jurisdiction to hear it, or whether the BAP had authority to entertain petitions under the All Writs Act.