**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: SONNY ALLAN PILCHER,

  Debtor.

-------------------------------

MONTY ELLIOTT,

  Plaintiff - Appellee,

v.

SONNY ALLAN PILCHER,

  Defendant - Appellant.

No. 19-8002
(BAP No. 18-100-WY)
(Bankruptcy Appellate Panel)

_____

**ORDER**
_____

This matter is before the court *sua sponte*. After the court issued its January 2, 2020 Order & Judgment in this matter, an inadvertent clerical error was discovered in the first line on page three. In order to correct that clerical error, the Clerk of Court shall reissue the attached corrected version of the Order and Judgment, effective *nunc pro tunc* to the date that the original Order and Judgment was filed.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: SONNY ALLAN PILCHER,

    Debtor.

------------------------------

MONTY ELLIOTT,

    Plaintiff - Appellee,

v.

SONNY ALLAN PILCHER,

    Defendant - Appellant.

No. 19-8002
(BAP No. 18-100-WY)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

After the bankruptcy court denied defendant Sonny Allan Pilcher a discharge

of his debts and denied his motions for summary judgment in an adversary

proceeding, he appealed to the Tenth Circuit Bankruptcy Appellate Panel (BAP).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the BAP jurisdictionally challenged his appeals, Pilcher voluntarily dismissed them. He later asked the BAP to issue a writ of mandamus requiring the bankruptcy court to resolve remaining matters in the case and to enter a final judgment. The BAP dismissed his mandamus petition, concluding the bankruptcy court had already entered a final, appealable judgment and Pilcher's mandamus petition was an impermissible substitute for a timely appeal. Pilcher appeals the BAP's dismissal of his mandamus petition. We affirm.

## BACKGROUND

### A. The Adversary Proceeding

In 2016 plaintiff Monty Elliott filed an adversary proceeding in Pilcher's Chapter 7 bankruptcy. Elliott alleged Pilcher had fraudulently failed to disclose, or made false statements concerning, certain transfers, assets, and other matters concerning his financial condition. He sought to except Pilcher's alleged debts to him from discharge. Alternatively, he asked the court to deny Pilcher a bankruptcy discharge altogether.

Pilcher sought summary judgment on Elliott's complaint. He contested Elliott's assertions he had made fraudulent transfers and had omitted relevant financial information. He also raised objections to Elliott's underlying claims, arguing among other things that Elliott lacked standing to assert them. Elliott responded with his own motion seeking a partial summary judgment denying Pilcher a discharge and denying discharge of a judgment he had obtained against Pilcher.

2

In April 2018 the bankruptcy court granted Elliott's motion for partial summary judgment and denied Pilcher a discharge in bankruptcy. By a separate order, it reserved ruling on Pilcher's motions for summary judgment.

## B. Pilcher's BAP Appeals

Pilcher appealed to the BAP from the bankruptcy court's orders. The BAP construed his notice of appeal (NOA) as two separate NOAs and opened two separate appeals, No. WY-18-064 and WY-18-065. It then issued an order to show cause concerning its appellate jurisdiction. The BAP later dismissed WY-18-065 (the appeal from the order granting Elliott's motion and denying Pilcher a discharge) because Pilcher had failed to respond to the show-cause order or to its fee notice concerning the appeal. It dismissed WY-18-064 because it determined the order appealed from—reserving a ruling on Pilcher's motion for summary judgment—was not a final order.

After this initial round of BAP appeals, proceedings continued in bankruptcy court. Pilcher filed a motion seeking reconsideration of the court's summary-judgment findings. On June 29, 2018, the bankruptcy court entered orders denying this motion for reconsideration and Pilcher's motions for summary judgment. It also entered a judgment pursuant to its earlier order granting Elliott's motion for partial summary judgment, certifying the judgment as a final order pursuant to Fed. R. Bankr. P. 7054.

On July 9, 2018, Pilcher filed a new NOA in which he appealed from the bankruptcy court's orders entered on April 11, 2018 (the date of its oral ruling on

3

Elliott's motion) and June 29, 2018. The BAP again construed his NOA as two separate NOAs. It assigned Pilcher's appeal from the judgment granting Elliott's motion for partial summary judgment to BAP Appeal No. WY-18-074, his appeal of the denial of his motions for summary judgment to BAP Appeal No. WY-18-075, and the order denying his motion for reconsideration to both appeals.

On July 10, 2018, the BAP entered notices of deficiency in both pending appeals, requiring Pilcher to satisfy the filing and docketing fees. It also entered an order to show cause why No. WY-18-075 should not be dismissed as interlocutory.

Rather than attempting to show cause, Pilcher moved to withdraw both appeals. In his motion to withdraw No. WY-18-075, he explained he would "appeal court order finding [Elliott] to be a creditor once that order becomes final." Aplee. App. at 215. In his motion to withdraw No. WY-18-074 he stated, "Defendant to appeal Plaintiff was not creditor." *Id.* at 209. The BAP then entered orders dismissing both appeals with prejudice.

Pilcher filed a motion for reconsideration with the BAP, requesting it change its dismissal in No. WY-18-075 to a dismissal without prejudice. The BAP construed his motion as a motion to reopen the appeal and denied it, reasoning the dismissal with prejudice would not prevent Pilcher from eventually appealing any final order entered in the underlying adversary proceeding.

### C. The Mandamus Petition

After filing his second NOA to the BAP then dismissing his appeals, Pilcher filed several additional motions or other pleadings in the bankruptcy court. The

4

bankruptcy court denied two of these motions: his motion for stay pending appeal (because there was no appeal pending), and his emergency motion for an order of contempt of court (because the automatic stay in Pilcher's bankruptcy had terminated when it denied him a discharge). Pilcher's other motions remained pending in bankruptcy court.

Pilcher then filed his petition for a writ of mandamus with the BAP. He asked the BAP to compel the bankruptcy court to (1) certify its judgments entered on June 29, 2018, as final and appealable; (2) rule on his pending motions; and (3) stay the order denying his discharge and all collection activities.

The BAP dismissed the mandamus petition. It declined to reach the question of whether it had jurisdiction to hear and issue writs under the All Writs Act. Instead, it ruled that because Pilcher had "requested the writ as a substituted means of appeal and because that appeal would be untimely, [it] lack[ed] jurisdiction to hear the Petition." R. at 25.

Addressing Pilcher's request to compel the bankruptcy court to enter a final order denying his motions for summary judgment from which he could appeal, the BAP opined that the bankruptcy court had already entered such a final, appealable order. It stated "the bankruptcy court's denial of [Pilcher's] discharge . . . rendered all other claims moot and [therefore] rendered the order denying [his] motions for summary judgment final." *Id.* at 26 n.7. But Pilcher "did not respond to address finality before [moving] the [BAP] to dismiss his case." *Id.* Thus, "because appellate review of the Orders was available to [Pilcher] and a writ of mandamus

5

cannot substitute for a timely appeal" the BAP concluded it did "not have jurisdiction to consider this appeal labeled as a mandamus petition." *Id.* at 26.

Addressing his further requests to compel the bankruptcy court to rule on his pending motions and to stay collection activity, the BAP concluded he could have sought such relief in No. WY-18-075 had he not dismissed that appeal. *See id.* at 26 n.9. Thus the BAP appears to have concluded these requests for mandamus relief would also operate as an impermissible substitute for an appeal.

## DISCUSSION

### 1. Elliott's Motion to Dismiss This Appeal

Elliott has filed a motion to dismiss this appeal. He argues the BAP's order denying mandamus is not a final, appealable order over which we can exercise appellate jurisdiction. We disagree. We have jurisdiction over appeals from the BAP's "final decisions, judgments, orders, and decrees." 28 U.S.C. § 158(d)(1). Pilcher's appeal from the BAP's dismissal of his attempted mandamus petition falls within this jurisdiction. *See Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 841 F.3d 810, 814 (9th Cir. 2016) (en banc) (citing § 158(d)(1) and exercising appellate jurisdiction over appeal from BAP's denial of mandamus petition).

Elliott also argues mandamus relief is not justified on the merits, and he complains Pilcher's pleadings are ghost-written. But these arguments do not warrant dismissal of the appeal. *See* 10th Cir. R. 27.3(A)(1)(a) (limiting motions to dismiss, other than for lack of appellate jurisdiction, to those presenting reasons for dismissal

6

"permitted by statute, the Federal Rules of Appellate Procedure, or these rules"). We therefore deny the motion to dismiss.

### 2. BAP's Denial of Mandamus

We review the BAP's jurisdictional determination de novo. *Cf. Mason v. Young (In re Young)*, 237 F.3d 1168, 1172 (10th Cir. 2001) (reviewing de novo BAP's jurisdictional determination). In exercising our review, however, we consider only the arguments Pilcher has made in his opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *see also Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260-61 (10th Cir. 2018) (arguments in favor of subject-matter jurisdiction may be waived).

Pilcher does not challenge the BAP's determination that the bankruptcy court's denial of a discharge made the order denying his summary-judgment motions final and immediately appealable, *see* R. at 26 n.7. The BAP concluded it lacked jurisdiction to consider Pilcher's petition because the petition was in reality an untimely appeal from the disposition of those motions, which Pilcher had labeled as a mandamus petition. Pilcher fails to demonstrate this analysis was erroneous. *See Ozenne*, 841 F.3d at 815 ("To allow a party to seek a writ of mandamus in an appellate court in order to obtain relief from an appealable district court decision— after the time to appeal that decision had passed—would be a plain evasion of rules that are . . . mandatory and jurisdictional.").

7

Pilcher also sought mandamus relief to compel the bankruptcy court to rule on his pending motions, and to stay collection activity. As noted, the BAP concluded Pilcher could have sought this relief by continuing with his appeal. Pilcher presents no meritorious argument in opposition to this analysis. He does argue it would be improper for collection efforts to go forward until he obtains appellate review of Elliott's standing. He contends such appellate review should be obtained by the BAP recalling its mandate and reinstating appeal No. WY-18-075 and issuing a stay of collection activity pending appeal. *See* Aplt. Opening Br. at 8-9. But his argument goes beyond the scope of this appeal. This appeal is taken from the BAP's dismissal of the mandamus petition seeking to compel action by the bankruptcy court. The issues properly before us involve only the BAP's dismissal of that petition.

Because Pilcher has failed to present any other argument that would justify reversal of the BAP's dismissal of his mandamus petition directed to the bankruptcy court, we affirm.

## CONCLUSION

Elliott's motion to dismiss this appeal is denied. The BAP's order dismissing Pilcher's petition for a writ of mandamus relief is affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

8