**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCES FANTASIA, | No. 23-3742 |
| *Plaintiff - Appellant*, | D.C. No. 2:22-cv-01335-DWL |
| v. | |
| KERI DIODATO; MICHAEL DIODATO, | OPINION |
| *Defendants - Appellees*, | |
| and | |
| EDWARD J. MANEY, Chapter 13 Trustee, | |
| *Defendant*. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted October 23, 2024
Phoenix, Arizona

Filed September 15, 2025

Before: Milan D. Smith, Jr., Bridget S. Bade, and Danielle
J. Forrest, Circuit Judges.

Opinion by Judge Bade

## SUMMARY[*]

### Bankruptcy

The panel (1) vacated the district court's order affirming
the bankruptcy court's March 2021 order granting a motion
under Federal Rule of Civil Procedure 60(b) and reinstating
the automatic bankruptcy stay of state court litigation against
a bankruptcy debtor; and (2) remanded with instructions for
the district court to dismiss for lack of jurisdiction the
plaintiff's appeal, which she did not file until after entry of
final judgment in the bankruptcy proceeding.

The panel held that under *Ritzen Group, Inc. v. Jackson
Masonry, LLC*, 589 U.S. 35 (2020), the March 2021 order
vacating the bankruptcy court's prior stay relief and
abstention order and reimposing the automatic stay was a
final order subject to immediate appeal because it
definitively disposed of a discrete dispute within the
overarching bankruptcy case. Plaintiff's appeal to the
district court, which she filed several months later, therefore
was untimely. In *Ritzen*, the Supreme Court held that an
order granting or denying relief from the automatic stay is a
final, appealable order under 28 U.S.C. § 158(a)(1). The

---

[*] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

panel concluded that, although the March 2021 order did not, strictly speaking, grant or deny a party relief from the automatic stay, but instead reimposed the automatic stay, that was a distinction without a difference for purposes of finality.

**COUNSEL**

April Maxwell (argued), Maxwell Law Group, Mesa, Arizona, for Plaintiff-Appellant.

Chris Dutkiewicz (argued), DM Bankruptcy Law Group LLC, Mesa, Arizona, for Defendants-Appellees.

**OPINION**

BADE, Circuit Judge:

This case arises from a dispute between Plaintiff-Appellant Frances Fantasia and her estranged daughter, Defendant-Appellee Keri Diodato, over Diodato's alleged misuse, as trustee, of property in an irrevocable trust. As part of this dispute, Fantasia filed suit against Diodato in Massachusetts state court asserting several state-law claims, and Diodato filed for bankruptcy in the United States Bankruptcy Court for the District of Arizona. Diodato's bankruptcy filing automatically stayed the pending state court litigation. *See* 11 U.S.C. § 362(a). In February 2020, however, the bankruptcy court granted Fantasia's motion for relief from the automatic bankruptcy stay and for permissive abstention.

In this appeal, Fantasia challenges the bankruptcy court's later order, issued in March 2021, in which the court granted Diodato's motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, vacated its earlier stay relief and abstention order, and reimposed the automatic stay (March 2021 order).[1] Fantasia argues that the bankruptcy court should have treated Diodato's motion as one for relief under Rule 60(b)(1) and denied it. Fantasia first appealed to the district court, which determined that her appeal was timely filed after the final judgment because the bankruptcy court's March 2021 order was not an immediately appealable collateral order. Thus, the district court

---

[1] Rule 60(b) is "incorporated to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (*In re Int'l Fibercom, Inc.*), 503 F.3d 933, 940 (9th Cir. 2007).

concluded it had jurisdiction over Fantasia's appeal. On the merits, the district court affirmed the bankruptcy court's March 2021 order because it concluded that the bankruptcy court did not abuse its discretion by deciding Diodato's motion under Rule 60(b)(6).

Neither the district court nor the parties addressed whether the March 2021 order was a final order under 28 U.S.C. § 158(a)(1), which would require an immediate appeal. Because this issue determines our jurisdiction, we must address it before considering the parties' arguments on whether Fantasia's motion for relief should have been construed under Rule 60(b)(1) or (b)(6). *See Poulus v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) (explaining that "[a]s a threshold matter," we must determine not only our jurisdiction, but also that of the district court).

We hold that under *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020), the bankruptcy court's March 2021 order vacating its prior stay relief and abstention order and reimposing the automatic stay was a final order because it "definitively dispose[d] of [a] discrete dispute[] within the overarching bankruptcy case." *Id.* at 37. The March 2021 order was therefore subject to immediate appeal, and Fantasia's appeal to the district court, which she filed several months later and after the final judgment in the bankruptcy proceedings, was untimely.

As a result, the district court did not have jurisdiction over Fantasia's appeal of the bankruptcy court's March 2021 order. *See* 28 U.S.C. § 158(c)(2); *Ozenne v. Chase Manhattan Bank* (*In re Ozenne*), 841 F.3d 810, 814 (9th Cir. 2016) (en banc). We therefore vacate the district court's order and remand with instructions to dismiss for lack of

jurisdiction. Because "the district court did not have jurisdiction to review the merits," we also do "not have jurisdiction to consider the merits on appeal." *Greene v. United States* (*In re Souza*), 795 F.2d 855, 857 (9th Cir. 1986) (citation and emphasis omitted). Therefore, we do not reach the merits of the bankruptcy court's March 2021 order and whether Diodato's motion for relief should have been construed under Rule 60(b)(1) or (b)(6).

## I.

The factual and procedural background is undisputed. In 2011, Fantasia executed an irrevocable trust and named Diodato as trustee. In October 2017, Fantasia sued Diodato (and Diodato's then-husband, Michael Diodato) in Massachusetts state court asserting several state-law claims based on Diodato's alleged misuse of the trust property. In August 2019, Diodato filed for bankruptcy under Chapter 13.[2] Fantasia objected to Diodato's Chapter 13 filing, moved to dismiss it, and filed a proof of claim raising the same claims as in the Massachusetts state-court litigation. Diodato objected to Fantasia's proof of claim.

Under 11 U.S.C. § 362(a), Diodato's bankruptcy filing automatically stayed the pending state court litigation. In November 2019, Fantasia moved for relief from the automatic stay to allow her to proceed with the state court litigation, and she asked the bankruptcy court to permissively abstain from adjudicating her claims under 28 U.S.C. § 1334(c)(1). Diodato opposed the motion. After a hearing during which the parties disputed whether the state court could efficiently resolve Fantasia's claims, the

---

[2] Approximately two years later, in October 2021, Diodato converted her bankruptcy from Chapter 13 to Chapter 7.

bankruptcy court granted Fantasia's motion for stay relief and abstention on February 6, 2020.

A year later, in February 2021, the Massachusetts state court advised the parties that, due to delays arising from the COVID-19 pandemic, the earliest available trial date was in November 2022. A month after the state court hearing, in March 2021, Diodato moved for relief from the bankruptcy court's February 2020 stay relief and abstention order, arguing that relief was warranted under Rule 60(b)(6). Fantasia opposed the motion, and at a hearing, the parties again disputed whether the state court or bankruptcy court would be the most efficient forum for Fantasia's state-law claims. The bankruptcy court determined that it could more efficiently resolve the litigation and, on March 18, 2021, granted Diodato's motion for relief, vacated its February 2020 stay relief and abstention order, and reimposed the automatic stay.

In April 2021 and January 2022, Fantasia filed adversary proceedings against Diodato, which the bankruptcy court consolidated in February 2022, and tried in May 2022. The bankruptcy court found in favor of Diodato on all of Fantasia's state-law claims and entered a final judgment on July 25, 2022. Fantasia asserts that she believed the bankruptcy court's March 2021 order was an interlocutory order and, therefore, she waited until after the bankruptcy court issued a final judgment before she appealed the order to the district court on August 8, 2022.

In her appeal to the district court, Fantasia challenged only the bankruptcy court's March 2021 order. Fantasia argued that Diodato's motion sought to correct a judicial mistake and thus the bankruptcy court should have construed it as seeking relief under Rule 60(b)(1) and denied it as

untimely under Rule 60(c).  In response, Diodato argued that the district court did not have jurisdiction to consider Fantasia's appeal because the challenged bankruptcy court order was immediately appealable under the collateral order doctrine, and Fantasia's failure to appeal the order within fourteen days rendered her appeal untimely.  Alternatively, Diodato argued that the bankruptcy court properly construed her motion as one for relief under Rule 60(b)(6), and that she filed her motion within a reasonable time under Rule 60(c).

Relying on decisions from the Ninth Circuit Bankruptcy Appellate Panel (BAP), the district court rejected Diodato's argument that the March 2021 order was subject to the collateral order doctrine and concluded that Fantasia properly waited until after the final judgment to appeal it.**[3]** The district court concluded that because the appeal was timely, it had jurisdiction to consider the parties' dispute over whether the bankruptcy court should have construed the motion as seeking relief under Rule 60(b)(1) or (b)(6).  The district court concluded that the bankruptcy court did not abuse its discretion by construing the motion as seeking relief under Rule 60(b)(6) and affirmed the bankruptcy

---

[3] The district court considered *Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc.* (*In re GACN, Inc.*), 555 B.R. 684, 691–92 (B.A.P. 9th Cir. 2016) (concluding that an order denying permissive abstention was an interlocutory, non-final order and that the collateral order doctrine did not apply), and *Krasnoff v. Marshack* (*In re Gen. Carriers Corp.*), 258 B.R. 181, 186–87 (B.A.P. 9th Cir. 2001) (concluding that an order denying abstention was immediately appealable as a final order under § 158(a)(1) and, alternatively, under the collateral order doctrine).  The district court distinguished *General Carriers* because it "involved a unique set of facts" in which the abstention order was filed when there was no case pending before the bankruptcy court.

court's March 2021 order.  Fantasia timely appealed to this court.

## II.

We have jurisdiction over final orders of the district court under 28 U.S.C. § 1291.  We also have jurisdiction to consider our own jurisdiction, and we review that question de novo.  *Gugliuzza v. FTC* (*In re Gugliuzza*), 852 F.3d 884, 889 (9th Cir. 2017).  We review de novo whether a bankruptcy court's decision is a final, immediately appealable order, *see Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782, 787 (9th Cir. 2003), and whether a notice of appeal from the bankruptcy court to the district court was timely, *see Rains v. Flinn* (*In re Rains*), 428 F.3d 893, 904 (9th Cir. 2005).

## III.

### A.

In ordinary civil litigation, an order is generally considered final and appealable when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Ritzen*, 589 U.S. at 37 (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)).  But "[t]he regime in bankruptcy is different."  *Id.*  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Id.* (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).

In *Ritzen*, the Supreme Court held that an order granting or denying relief from the automatic stay is a "final, appealable order" under 28 U.S.C. § 158(a)(1) because it "forms a discrete procedural unit within the embracive

bankruptcy case" and "occurs before and apart from proceedings on the merits of creditors' claims." *Id.* at 37–38, 43. That conclusion controls here. Although the March 2021 order did not, strictly speaking, grant or deny a party relief from the automatic stay, but instead *reimposed* the automatic stay, that is a distinction without a difference for purposes of finality.

The bankruptcy court's March 2021 order vacating its February 2020 stay relief and abstention order and reimposing the automatic stay definitively disposed of a discrete dispute because it "alter[ed] the status quo and fixe[d] the rights and obligations of the parties." *Bullard*, 575 U.S. at 502. In the February 2020 order, the bankruptcy court allowed the Massachusetts state court to assume jurisdiction over Fantasia's state law claims; but in the March 2021 order "determining that [Fantasia's] claims would be litigated in bankruptcy court in [Arizona] rather than state court in Massachusetts," the bankruptcy court resumed jurisdiction over these claims and thus altered the status quo ante. *Harrington v. Mayer* (*In re Mayer*), 28 F.4th 67, 71 (9th Cir. 2022) (holding that the determination that claims would be litigated in bankruptcy court rather than state court was final and appealable). And by reimposing the automatic stay's injunction against, among other things, "the commencement or continuation . . . [of an] action or proceeding against the debtor," the March 2021 order obliged Fantasia to not take such action. 11 U.S.C. § 362(a)(1); *see also* 3 Collier on Bankruptcy ¶ 362.LH (explaining that the statutory automatic stay was derived from the bankruptcy court's inherent power, "as a court of equity exercising *in rem* jurisdiction over assets in its custody and control, [to] protect its jurisdiction by injunction"). Our conclusion that the March 2021 order

disposed of a discrete dispute within the bankruptcy case, and thus was final, necessarily follows from *Ritzen*'s holding that orders granting or denying relief from the automatic stay are final, 589 U.S. at 42, and Fantasia does not seriously contend otherwise.

## B.

Instead, Fantasia argues that the bankruptcy court's March 2021 order vacating its prior stay relief and abstention order and reimposing the automatic stay should be construed as a non-final "abstention order."[4] While she acknowledges that stay relief is "implicit" when addressing abstention, and that the denial of stay relief and permissive abstention in the bankruptcy court's order were "interwoven" and "interrelate[d]," she nonetheless argues that an abstention order is sufficiently different from a stay-relief order to be considered interlocutory and non-final.

Implicit in Fantasia's argument is the suggestion that we should construe the bankruptcy court's March 2021 order as two separate orders: an order reimposing the automatic stay that is final and immediately appealable, and an order reconsidering permissive abstention that is interlocutory and appealable after the final judgment. But we do not think that the March 2021 order can be severed in this way.

---

[4] We do not have jurisdiction to review a bankruptcy court's decision to grant or deny a motion for permissive abstention. *See* 28 U.S.C. § 1334(d). But, here, we are reviewing whether Fantasia's appeal to the district was timely and thus whether the district court had jurisdiction to consider it. The parties have not challenged, and we are not considering, the merits of the bankruptcy court's order vacating its prior abstention order. Therefore, § 1334(d) does not constrain our jurisdiction in this matter.

To be sure, the March 2021 order has two discrete aspects, as Fantasia implicitly suggests. First, in reconsidering its previous decision to grant permissive abstention, the bankruptcy court resumed jurisdiction to hear and determine Fantasia's state-law claims. When a petition in bankruptcy is filed, the bankruptcy court takes custody of the bankrupt's estate, and "is entitled to determine all questions respecting the same," and this jurisdiction "is exclusive of the jurisdiction of other courts." *Ex parte Baldwin*, 291 U.S. 610, 615 (1934). When the bankruptcy court grants permissive abstention, it relinquishes its jurisdiction over such questions "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); 1 Collier on Bankruptcy 3.05[1]. In vacating an order granting permissive abstention, the bankruptcy court's jurisdiction over those claims becomes exclusive once again.

Second, in reimposing the automatic stay, the bankruptcy court is again prohibiting Fantasia from litigating her state-law claims in Massachusetts state court. The automatic stay of § 362(a)(1) acts like an anti-suit injunction for the duration of the bankruptcy proceeding, forbidding any litigation against the debtor to resolve a claim that arose before commencement of the case. *See* Admin. Off. of U.S. Cts., Bankr. Judges Div., *Bankruptcy Basics* 71 (rev. 3d ed. 2011), *available at* https://www.uscourts.gov/sites/default/files/bankbasics-post10172005.pdf. The grant of stay relief functions like a partial dissolution of such an injunction, allowing the relieved party to pursue a suit for certain claims against the debtor. Reimposing the automatic stay effectively reissues the anti-suit injunction, and the formerly relieved party is once again prohibited from pursuing her claims.

Although these two aspects of the March 2021 order can be analyzed separately, it makes no sense to sever them from one another. An order vacating permissive abstention and thus resuming exclusive jurisdiction over certain claims necessarily stays litigation of those claims elsewhere, otherwise the jurisdiction would not be exclusive. *See Mueller v. Nugent*, 184 U.S. 1, 14 (1902) (explaining that "the filing of the petition is a *caveat* to all the world, and in effect an attachment and injunction"). And the entire basis for § 362(a)(1)'s self-executing anti-suit injunction is to maintain the exclusivity of the bankruptcy court's jurisdiction. *See Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 738–39 (1931) ("Such injunctions are granted solely for the reason that the court in which foreclosure proceedings are instituted is without jurisdiction, after adjudication of bankruptcy, to deal with the land or liens upon it save by consent of the bankruptcy court."). Both aspects of the order—addressing abstention and stay relief— are based on the same decision: whether it would be "in the interest of justice, or in the interest of comity with State courts or respect for State law," to have the Massachusetts state court resolve the state-law claims. 28 U.S.C. § 1334(c)(1). The two parts of the order rise and fall together.

Moreover, construing the bankruptcy court's order as partially final and partially interlocutory would have the same dilatory, inefficient effect that *Ritzen* rejected. Permitting Fantasia to appeal the March 2021 order as an abstention order after losing at trial would allow her to "fully litigate [her] claims in bankruptcy court and then, after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the [state] court." *Ritzen*, 589 U.S. at 47 (quoting *Ritzen Grp., Inc. v. Jackson Masonry, LLC* (*In*

*re Jackson Masonry, LLC*), 906 F.3d 494, 503 (6th Cir. 2018)).  Nothing in the Bankruptcy Code compels this result, "and we are unwilling to impute to Congress an intention to require such a wasteful expenditure of judicial resources." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

The bankruptcy court's vacatur of its previous order granting permissive abstention under 28 U.S.C. § 1334(c)(1), like its intertwined reimposition of the automatic stay, resolved a discrete "proceeding" under 28 U.S.C. § 158(a)(1), "culminating in a '[dispositive] decision based on the application of a legal standard.'"  *Ritzen*, 589 U.S. at 41 (alteration in original) (quoting *Ritzen*, 906 F.3d at 499–500).  The abstention part of the order "finally determine[d] the discrete issue" of where Fantasia may litigate her state-law claims—Massachusetts state court or Arizona bankruptcy court.  *In re Mayer*, 28 F.4th at 71 (quoting *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012)); *see also Ritzen*, 589 U.S. at 45 ("Orders denying a plaintiff the opportunity to seek relief in its preferred forum often qualify as final and immediately appealable, though they leave the plaintiff free to sue elsewhere.").  Therefore, even if considered separately from the adjudication of stay relief, the order rescinding abstention "dispose[d] of a procedural unit anterior to, and separate from, claim-resolution proceedings" and is thus final in its own right.[5]  *Ritzen*, 589 U.S. at 43, 47; *cf. In re*

---

[5] There may be situations where, due to qualifications in a denial of abstention or other circumstances not presented here, such an order would not qualify as final.  *Compare Bullard*, 575 U.S. at 503 (contrasting denial of confirmation that results in dismissal, which is a final and appealable order, and denial of confirmation "with leave to amend," which is not) *with In re Mayer*, 28 F.4th at 71–72 ("The bankruptcy court's statement that the denial of stay relief was without

*Ellingsworth Residential Cmty. Ass'n,* 125 F.4th 1365, 1384 (11th Cir. 2025) ("Applying [*Ritzen*'s] reasoning to mandatory abstention, an order conclusively denying mandatory abstention is immediately appealable.").

Finally, Fantasia relies on *In re GACN, Inc.*, 555 B.R. at 691–92, to argue that the bankruptcy court's March 2021 order was an interlocutory order that was not immediately appealable. There, the BAP concluded that an order denying permissive abstention was an interlocutory, non-final order, and that the collateral order doctrine did not apply because the order could be appealed after the resolution of the pending adversary proceeding. *Id*. The BAP distinguished an earlier decision, *In re General Carriers Corp.*, 258 B.R. at 186–87, in which it had concluded that an order denying abstention was immediately appealable as a final order under § 158(a)(1) and, alternatively, under the collateral order doctrine. The BAP argued that *General Carriers* was distinguishable because it applied a "flexible finality standard" that did not apply to adversary proceedings and, because there was no adversary proceeding pending, the order was effectively unreviewable on appeal and thus it was immediately appealable under the collateral order doctrine. *See In re GACN, Inc.*, 555 B.R. at 691 (citing *In re Gen. Carriers Corp.*, 258 B.R. at 186–87).

Fantasia argues that because the BAP considered whether orders denying permissive abstention were subject

prejudice indicates that the court was willing to consider stay relief if sought for a different purpose, but not for the purpose of resolving Harrington's state claims against Mayer. It does not mean the order was not final and appealable."); *see also Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.").

to the collateral order doctrine, these cases imply that the bankruptcy court's March 2021 order was not a final order under 28 U.S.C. § 158(a)(1). Even if we accept Fantasia's characterization of these decisions, her argument fails because we are not bound by BAP decisions. *Shapiro v. Henson*, 739 F.3d 1198, 1201 n.3 (9th Cir. 2014). Moreover, these cases are of limited persuasive value here because they were decided several years before *Ritzen* and without the benefit of the Supreme Court's more recent finality analysis. *See generally Ritzen*, 589 U.S. at 38–39; *Bullard*, 575 U.S. at 501–05. We therefore reject Fantasia's finality arguments based on *GACN* and *General Carriers*.

## C.

Because the bankruptcy court's March 2021 order vacating stay relief and abstention and reimposing the automatic stay was final under 28 U.S.C. § 158(a)(1), Fantasia was required to appeal it, if at all, "in the same manner as appeals in civil proceedings generally are taken . . . and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). The deadline to file a bankruptcy appeal under Rule 8002 is "mandatory and jurisdictional." *In re Ozenne*, 841 F.3d at 814 (quoting *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978)); *see also Wilkins v. Menchaca* (*In re Wilkins*), 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018).

Here, Fantasia had fourteen days to appeal the March 2021 order. Fed. R. Bankr. P. 8002(a)(1). But she did not file her notice of appeal until August 2022, over a year after the bankruptcy court issued that order. Her appeal therefore was untimely, and the district court lacked jurisdiction to review the March 2021 order. *In re Ozenne*, 841 F.3d at 814. Consequently, we also lack jurisdiction to review the

bankruptcy court's order or the merits of the district court's order affirming it.  28 U.S.C. § 158(a)(1), (d)(1); *Anderson v. Mouradick* (*In re Mouradick*), 13 F.3d 326, 327 (9th Cir. 1994); *In re Souza*, 795 F.2d at 857.  We therefore do not reach the merits of the parties' dispute over whether Fantasia's motion for relief should have been construed under Rule 60(b)(1) or (b)(6).  *See In re Mouradick*, 13 F.3d at 327.

## IV.

For these reasons, we vacate the district court's order affirming the bankruptcy court's March 2021 order and remand with instructions to dismiss Fantasia's appeal for lack of jurisdiction.  Each party shall bear its own costs on appeal.

**VACATED AND REMANDED WITH INSTRUCTIONS.**