**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3899
_____

IN RE: LLOYD ALLAN JONES a/k/a Lloyd A. Jones; a/k/a Lloyd Jones, Debtor

LLOYD ALLEN JONES,
Appellant

v.

U.S. BANK, N.A., as Trustee for Residential Asset Securities Corporation,
Home Equity Mortgage Asset-Backed, Pass-through Certificates, Series 2006-EMX9;
AMERICA'S SERVICING COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cv-01680)
District Judge: Honorable Robert D. Mariani
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 1, 2020
_____

Before: SHWARTZ, PHIPPS, and FISHER, <u>Circuit Judges</u>.

(Filed: October 1, 2020)
_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Debtor Lloyd Jones appeals the District Court's order affirming the Bankruptcy Court's order that granted summary judgment to Defendants U.S. Bank, N.A. and America's Servicing Company.  Because the Bankruptcy Court correctly concluded that Jones sought to modify Defendants' mortgage on his residence, in violation of 11 U.S.C. § 1322(b)(2) and Nobelman v. American Savings Bank, 508 U.S. 324 (1993), we will affirm.

I

In 2006, Jones obtained a $208,800 loan to purchase his principal residence.  The loan was secured by the residence and had an adjustable interest rate of 11.75%.  The mortgage and note were assigned to U.S. Bank.

In 2016, Jones sought protection under Chapter 13 of the Bankruptcy Code.  U.S. Bank filed a proof of claim in the amount of $446,812.25.[1]  Jones filed a First Amended Chapter 13 Plan, followed by a Second Amended Plan ("Plan"), proposing to satisfy U.S. Bank's secured claim by making payments up to $136,000, the stipulated market value of the property, plus 5.5% interest, for a total of $155,865.60.  U.S. Bank objected to the Plan.

Jones then filed an adversary proceeding against Defendants, seeking a declaratory judgment that: (1) the amount of U.S. Bank's claim in excess of the market value of his

---

[1] The $446,812.25 consisted of $229,867.36 in outstanding principal, $172,909.24 in accrued interest, $7,324.56 for fees and costs, and $36,711.09 for funds advanced by the lender or servicer to pay escrow items.

residence was unsecured and thus void under 11 U.S.C. § 506(d) (Count I); and (2) the Plan did not modify U.S. Bank's claim under § 1322(b)(2), but satisfied it under § 1325, and thus did not violate § 1322(b)(2)'s prohibition on modifying the rights of a creditor whose claim is secured solely by the debtor's principal residence (Count II).

The parties cross-moved for summary judgment. The Bankruptcy Court granted summary judgment to Defendants, held that the Plan's proposed treatment of U.S. Bank's secured claim violated § 1322(b)(2), and directed Jones to file a Plan that did not propose to modify U.S. Bank's rights. Jones appealed to the District Court.

The District Court affirmed, holding, among other things, that the Bankruptcy Court correctly held that the Plan violated § 1322(b)(2) because Jones sought to modify U.S. Bank's rights in a secured claim on his principal residence. Jones v. U.S. Bank, N.A., No. 3:18-CV-01680, 2019 WL 5296993, at *5 (M.D. Pa. Oct. 18, 2019).[2] Jones appeals.

---

[2] The District Court incorrectly held that it lacked jurisdiction, viewing the appeal as one from a nonfinal, interlocutory order denying confirmation of the Plan, Jones, 2019 WL 5296993, at *3, instead of an appeal of an order granting summary judgment in an adversary proceeding. District Courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges in cases and proceedings." 28 U.S.C. § 158(a)(1). Section 158(a)(1) gives a district court jurisdiction over both "cases and proceedings" since "the usual judicial unit for analyzing finality in ordinary civil litigation is the case, [but] in bankruptcy[,] it is [often] the proceeding." Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020) (alterations in original) (citation omitted). These proceedings sometimes "involve[] 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015) (citation omitted). One example is an adversary proceeding. "[A] bankruptcy court order ending a separate adversary proceeding," like the order here, "is appealable as a final order even though that order does not conclude the entire bankruptcy case." In re Odyssey Contracting Corp., 944 F.3d 483, 486 (3d Cir. 2019) (citation omitted). Thus, the District

## II[3]

Normally, in bankruptcy, "a claim that is secured by a lien on property is treated as a secured claim 'only to the extent of the value of the property on which the lien is fixed,'" and the remainder is unsecured. In re Scarborough, 461 F.3d 406, 409-10 (3d Cir. 2006) (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 239 (1989)); see 11 U.S.C. § 506(a)(1).[4] As a result, "a claim that is not fully collateralized can be modified, and the creditor['s claim is] said to be 'crammed down' to the value of the collateral." In re Ferandos, 402 F.3d 147, 151 (3d Cir. 2005).

Section 1322(b)(2) of the Bankruptcy Code, however, provides that a debtor may not "modify the rights of holders of secured claims . . . secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Put differently, a debtor cannot change the terms of a mortgagee's rights where those rights are secured only by the debtor's principal residence. The mortgagee's "contractual rights

---

Court had jurisdiction over Jones's appeal from the Bankruptcy Court's order under § 158(a)(1).

[3] We have appellate jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "Our review of a District Court sitting in review of a Bankruptcy Court is plenary," In re Energy Future Holdings Corp, 949 F.3d 806, 815 n.2 (3d Cir. 2020), and "we 'stand in the shoes' of the district court and apply the same standard of review," In re Klaas, 858 F.3d 820, 827 (3d Cir. 2017) (citation omitted). Our review of legal issues, such as statutory interpretation, is also plenary. In re Scarborough, 461 F.3d 406, 409 (3d Cir. 2006).

[4] Section 506(a)(1) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

4

are contained in a unitary note that applies . . . [to] both the secured and unsecured components." Nobelman v. Am. Sav. Bank, 508 U.S. 324, 331 (1993). These rights, "reflected in the relevant mortgage instruments," include "the right to repayment of the principal in monthly installments over a fixed term [and] specified adjustable rates of interest [as well as] the right to retain the lien until the debt is paid off." Id. at 329. Because the mortgagee's rights apply to both the secured and unsecured portions of the debt, a debtor "cannot modify the payment and interest terms for the unsecured component . . . without also modifying the terms of the secured component." Id. at 331.

Here, in proposing to pay U.S. Bank's claim up to the $136,000 market value of his principal residence plus a reduced interest rate of 5.5% rather than the full contract balance of $446,812.25, Jones seeks to modify, not satisfy, U.S. Bank's contractual rights. His proposal changes the principal due from $229,867.36 to $136,000 and the interest rate from 11.75% to 5.5%, and thus modifies U.S. Bank's contractual rights, which Nobelman and § 1322(b)(2) prohibit.[5]

The Bankruptcy Abuse and Consumer Protection Act of 2005 amendment to § 1325(a) does not change this result. Congress amended § 1325(a) with respect to

---

[5] In re Bellamy, 962 F.2d 176 (2d Cir. 1992), and In re McDonald, 205 F.3d 606 (3d Cir. 2000), do not help Jones. First, Nobelman rejected Bellamy's view that bifurcating a mortgagee's claim into secured and unsecured portions does not modify the mortgagee's rights. Nobelman, 508 U.S. at 332. Second, McDonald examined the propriety of modifying a "wholly unsecured" second mortgage, and we held that such an unsecured mortgage "is not subject to the anti-modification clause in § 1322(b)(2)," 205 F.3d at 615, since the bank is not "a holder of a claim secured by the debtor's residence," id. at 612. Unlike the mortgagee in McDonald, Jones has a first mortgage, secured up to the market value of his home, and thus U.S. Bank's "lien still attache[s] to some existing value in [Jones's] house." Id. at 611.

5

purchase money security interests in a debtor's personal vehicle, providing that, under certain circumstances, § 506's definition of the value of a secured claim does not apply. This amendment does not apply to secured liens on a debtor's principal residence. Moreover, it does not disturb § 1325(a)'s requirement that, to be confirmed, a plan must comply with other provisions of Chapter 13, including § 1322(b)(2). Jones's proposed reduction to the value of the principal and the interest rate modifies U.S. Bank's claim and does not comply with § 1322(b)(2).

Although Pennsylvania real estate law permits a first mortgage lender to recover only the value of the property in the event of foreclosure, and there may be a public interest in allowing debtors to propose ways to remain in their homes, we are obligated to follow the governing federal statute and binding precedent. As a result, because Jones's plan improperly sought to modify U.S. Bank's rights in violation of § 1322(b)(2), the District Court correctly granted Defendants' motion for summary judgment.

III

For these reasons, we will affirm.