NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: QDOS, INC.,<br><br>     Debtor,<br><br>------------------------------<br><br>QDOS, INC.,<br><br>     Appellant,<br><br> v.<br><br>MATTHEW HAYDEN; et al.,<br><br>     Appellees. | No. 19-60066<br><br>BAP No. 18-1301<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted November 18, 2020**
Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,*** 

---

 *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 ***  The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

District Judge.

QDOS, Inc. (QDOS) appeals an order of the Bankruptcy Appellate Panel (BAP) reversing the bankruptcy court's dismissal of the involuntary bankruptcy petition filed against QDOS and remanding for further proceedings.[1] QDOS asserts that the BAP's order is a final, appealable order because it alters the status quo and the rights of the parties. We determine de novo whether we have jurisdiction to consider an appeal from the BAP and conclude that we lack jurisdiction in this case. *Gugliuzza v. FTC* (*In re Gugliuzza*), 852 F.3d 884, 889 (9th Cir. 2017).

Only BAP orders that alter the status quo and fix the "rights and obligations of the parties" are final, appealable orders. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 588 (2020) (internal quotation and citation omitted). Orders remanding a case for additional substantive proceedings or "for further fact-finding will rarely have this degree of finality, unless the remand order is limited to ministerial tasks." *In re Gugliuzza*, 852 F.3d at 897.

The BAP remanded this matter for the bankruptcy court to conduct further proceedings on key issues, including: (1) determining whether QDOS can establish that 11 U.S.C. § 303(b)(1)'s numerosity requirement applied: (2) allowing the petitioning creditors to conduct discovery; and (3) affording other creditors the

---

[1] We grant appellees' request to take judicial notice of the bankruptcy court's tentative ruling dismissing the involuntary petition.

opportunity to join the involuntary petition.

The BAP's decision may have altered the existing state of affairs by reversing the bankruptcy court's dismissal of the involuntary petition and remanding for further proceedings, but it did not "fix[] the rights and obligations of the parties" as is required for an order to be final under § 158(a). *Ritzen Grp., Inc.*, 140 S. Ct. at 588 (internal quotation and citation omitted). Therefore, we lack jurisdiction, and this appeal is

**DISMISSED.**