RECOMMENDED FOR PUBLICATION
File Name: 23b0001p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re: CHRISTINE SKANDIS,

*Debtor.*

_____

CHRISTINE SKANDIS,

*Appellant,*

*v.*

JEFF A. MOYER, Trustee.

Nos. 22-8018/8020

Appeal from the United States Bankruptcy Court
for the Western District of Michigan at Grand Rapids.
No. 1:19-bk-05319—John T. Gregg, Bankruptcy Judge.

Decided and Filed: March 15, 2023

Before: CROOM, MASHBURN, and STOUT, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Lori L. Purkey, PURKEY & ASSOCIATES, PLC, Kalamazoo, Michigan, for Appellee. Andrew R. Vara, UNITED STATES DEPARTMENT OF JUSTICE, Grand Rapids, Michigan, for Amicus Curiae. Christine Skandis, Saugatuck, Michigan, pro se.

_____

## OPINION

_____

ALAN C. STOUT, Bankruptcy Appellate Panel Judge. This appeal involves a bankruptcy case with a protracted history including multiple appeals. The crux of the current appeal is the Debtor's assertion that she requested dismissal of her chapter 13 case prior to its conversion to chapter 7 and that the bankruptcy court erred by failing to dismiss the case at that

time or after one of her post-conversion motions to dismiss. Having examined the record thoroughly, the Panel concludes that the Debtor's assertion that she requested dismissal of the chapter 13 case prior to conversion is false. Additionally, 11 U.S.C. § 1307 does not grant a debtor an absolute right to dismiss a case post-conversion. Therefore, the bankruptcy court's order denying relief under Federal Rule of Civil Procedure 60(b), at issue in BAP Case No. 22-8018, is AFFIRMED. The Panel also GRANTS the trustee's motion to dismiss BAP Case No. 22-8020.

## ISSUE ON APPEAL

Did the bankruptcy court err in denying Debtor's Rule 60(b)(6) motion on the basis that the Debtor had not requested dismissal of her chapter 13 case prior to its conversion to chapter 7?

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the Panel, and none of the parties elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry*, LLC, __ U.S. __, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)). An order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order and is reviewed for an abuse of discretion. *Vande Ryt v. Peace* (*In re Peace*), 581 B.R. 856, 858 (B.A.P. 6th Cir. 2018) (citation omitted). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Murray Energy Holdings Co.,* 640 B.R. 558, 561 (B.A.P. 6th Cir. 2022) (citation omitted).

**FACTS**

On December 26, 2019, Christine Skandis (the "Debtor") filed a chapter 13 bankruptcy petition. A few months later, the chapter 13 trustee filed a motion for summary judgment on his motion to convert the Debtor's case to chapter 7 or, in the alternative, dismiss the case with a bar to refiling. On the day before the hearing, the Debtor filed a response to the motion for summary judgment asking that the motion be denied so that she could confirm her proposed chapter 13 plan.

The bankruptcy court held a hearing on the motion for summary judgment on May 7, 2020 ("Conversion Hearing"), following which the court took the motion under advisement. After the Conversion Hearing, while the matter was still pending, the Debtor filed preconfirmation chapter 13 plan amendments, amended schedules, and an amended bankruptcy petition, all still seeking relief under chapter 13.

On May 21, 2020, the bankruptcy court entered an order converting the case to chapter 7 ("Conversion Order") for the reasons set forth in a lengthy bench opinion. Jeff A. Moyer was appointed as the chapter 7 trustee (the "Trustee"). Following conversion to chapter 7, the Debtor filed a motion for reconsideration of the Conversion Order in which she alleged creditor fraud; however, she did not assert that she had requested dismissal prior to conversion. After the bankruptcy court denied the motion for reconsideration, the Debtor filed a series of motions requesting dismissal, withdrawal, suspension, abstention, or some other form of related relief with respect to her chapter 7 case. All those motions were denied by the bankruptcy court.

For the most part, the Debtor did not cooperate with the Trustee as required under 11 U.S.C. § 521. The Debtor's failure to cooperate resulted in civil contempt, sanctions, and default judgments. As part of his duties to administer the bankruptcy estate, the Trustee sold real and personal property.

On June 6, 2022, over two years after conversion, the Debtor filed the motion leading to this appeal. The Debtor titled it "Motion to Withdraw Pursuant to [sic] U.S.C. § 1307(b) and

Debtor's Request to Dismiss Prior to Conversion" ("June 6 Motion").[1]  (Bankr. Case No. 19-05319, ECF No. 679.)  In the June 6 Motion, the Debtor asserted for the first time that she had orally moved to dismiss her case during the Conversion Hearing on May 7, 2020.

Finding the June 6 Motion lacked sufficient information, the bankruptcy court entered a scheduling order requiring the Debtor to "file a brief in support of her Motion (a) stating the legal authority upon which she relies, and (b) identifying the facts in support of such relief, including specific citations to the docket where she requested that her case be dismissed when it was proceeding under chapter 13."  (Scheduling Order at 1, Bankr. Case No. 19-05319, ECF No. 681.)  Instead of filing a brief, the Debtor filed another motion seeking various forms of relief, including a request for an injunction.  (Request for Stay of Proceedings, Injunction, Temporary Restraining Order ["Motion for Injunctive and Other Relief"], Bankr. Case No. 19-05319, ECF No. 687.)  In this motion, the Debtor continued to assert that she had made an oral motion to dismiss during the Conversion Hearing on May 7, 2020.  However, the Debtor failed to identify the legal authority upon which she relied in the June 6 Motion, as required by the bankruptcy court, nor did she include a copy of the transcript of the Conversion Hearing.

On June 28, 2022, the bankruptcy court entered an order denying the June 6 Motion.  The bankruptcy court held that the June 6 Motion was untimely under Federal Rule of Bankruptcy Procedure 9024 (incorporating Fed. R. Civ. P. 60).  Further, the bankruptcy court held that the Debtor had not provided adequate support for the June 6 Motion and emphasized that the Debtor's actions after the Conversion Hearing but prior to entry of the Conversion Order were "entirely inconsistent" with the Debtor's alleged oral request for voluntary dismissal of her chapter 13 case.  (Order Denying Motion to Dismiss at 5, Bankr. Case No. 19-05319, ECF No. 697.)  The bankruptcy court noted that, prior to conversion, the Debtor never filed a motion requesting dismissal and, in fact, further reaffirmed her intention to remain in chapter 13 by filing two preconfirmation plan amendments and an amended chapter 13 petition.  (*Id.*)  The Debtor appealed this order, which was docketed as BAP Case No. 22-8018.

---

[1]At times, the bankruptcy court referred to this motion as the "Second Motion for Reconsideration."

On June 30, 2022, the bankruptcy court entered an order denying the Debtor's Motion for Injunctive and Other Relief ("Order Denying Injunctive and Other Relief"). (Bankr. Case No. 19-05319, ECF No. 700.) The bankruptcy court found that the motion was a delay tactic and there was no basis for relief. The Debtor also appealed this order, which was docketed as BAP Case No. 22-8020.

On October 12, 2022, the Debtor filed extensive and substantially similar briefs in both appeals. The Debtor made a plethora of requests, including that the Panel: dismiss her bankruptcy case, void defaults against a non-debtor third party, void defaults against herself, void an order requiring her to vacate 312 Hoffman Street, Saugatuck, Michigan (the "Saugatuck Property"), return the Saugatuck Property to her, reverse the actions of the bankruptcy court, and any other actions the Bankruptcy Appellate Panel deems just and fair. (See Appellant's Br. at 15, BAP Case No. 22-8020, ECF No. 14.) The Debtor also continued to assert that she made an oral request for dismissal at the Conversion Hearing prior to conversion and that the bankruptcy court erred by not honoring her absolute right to dismiss a chapter 13 case. (See Appellant's Br. at 5, BAP Case No. 22-8018, ECF No 15.) Additionally, the Debtor argued that she first learned about the absolute right to dismiss her chapter 13 case "on or about June 6, 2022." (*Id.*)

On December 5, 2022, the Trustee filed a motion to dismiss BAP Case No. 22-8020 asserting that the appeal is moot because the actions sought to be stayed by the Motion for Injunctive and Other Relief have already occurred and reversal of the Order Denying Injunctive and Other Relief would not "undo" those actions. The Panel determined that, given the broad nature of the issues raised by the Motion for Injunctive and Other Relief and the overlap between the two orders on appeal, the issues were intertwined. Accordingly, the Panel referred the motion to dismiss BAP Case No. 22-8020 to this Panel to be heard concurrently.

## DISCUSSION

While the Debtor has made a number of complaints about the bankruptcy court's rulings, the merits of the current appeals begin and end with the Debtor's assertion that she orally requested dismissal of her chapter 13 case prior to conversion. The Panel has thoroughly examined the transcript from the May 7, 2020 Conversion Hearing and finds that assertion false.

On May 7, 2020, the bankruptcy court held the Conversion Hearing, which was a telephonic hearing on the chapter 13 trustee's motion for summary judgment seeking "to either convert Ms. Skandis's case to Chapter 7, or in the alternative, dismiss her Chapter 13 case with . . . imposition of a 365-day bar to the filing of another bankruptcy case." (Tr. May 7, 2020 H'rg at 5:2-6, Bankr. Case No. 19-05319, ECF No. 698.) The chapter 13 trustee argued that there was no genuine issue of material fact that the chapter 13 case was filed in bad faith. (*Id*. at 5:7-11.) The trustee and several creditors argued at length, addressing deficiencies in the schedules and undisclosed assets. (*Id.* at 5-31.)

In response, the Debtor blamed her prior attorneys for any deficiencies and argued that her chapter 13 case had been filed in good faith and that her plan was confirmable. (*Id*. at 32:15-34:11.) At one point, the Debtor made the following statement:

> I have consulted new legal counsel, and they indicated that, rather than to jump into this case, that they would like to start fresh. I would like, however, the opportunity to perfect the schedules, which I have provided many of them to the trustee for their direction and guidance for perfecting them for their compliance. So that is my desire. I want to perfect the pleadings that I've already provided to the trustee. But in the alternative, if that is not the case, then I am requesting to not have a 365-day bar, which I believe would be prejudicial against me.

(*Id.* at 38:11-20.) Later the Debtor repeated her desire: "And again, my -- I want to have the opportunity to reorganize. I want to pay my creditors." (*Id*. at 39:10-11.) At the conclusion of her argument, the bankruptcy court asked several questions to provide the Debtor with the opportunity to clearly convey her preference.

> **THE COURT:** Thank you. One question for you, and that is, let's assume, just on a hypothetical level, that grounds exist to either dismiss or convert your case under 1307(c). Do you have a preference, Ms. Skandis, as to conversion or dismissal?
>
> **MS. SKANDIS:** I would rather dismiss and I -- like I said, I talked with an attorney. And she said that she would like to step in and help. But she thinks with all the deficiencies, and the schedules are all wrong, that she would like to start fresh. So, if you do not give me the opportunity to perfect the schedules that I've already submitted to the trustee, I'm requesting that if you do go the direction of a dismissal, that you deny the 365-day bar so the attorney can start afresh and file the pleadings and the schedules so that they're perfected from the onset.

THE COURT: Okay. But just to be clear then, you're not requesting dismissal of this case today.

MS. SKANDIS: I would like to -- I would like to -- I provided updated corrected schedules to the trustee. I would like to continue to perfecting [sic] what we have on the docket. The confirmation of plan I think is May 14th. That's next week. So, I would like the opportunity to confirm my plan, if that's possible. We've worked so hard to get to where we are right now.

**THE COURT: Okay. So, the answer to my question then is, no, you are not requesting that your case be dismissed, meaning this case. You're not requesting that today.**

**MS. SKANDIS: Right.** I would prefer to go to the confirmation of plan and work to have the plan confirmed. But, in the alternative, if I'm not granted that opportunity, to have a confirmation of plan hearing on May 14th, in the alternative, if you go the direction to dismiss the case, I'm requesting that you do not incorporate a ban against me from filing again because the legal counsel that I spoke with said that she will step in and start afresh. And that can't happen if you ban me from filing.

THE COURT: Okay. And so your preference is that I decide the motion for summary judgment that is currently the [sic] before the court and for which we are all appearing during this hearing as opposed to dismissing your case today. That is helpful. Thank you.

(*Id.* at 42:22-44:13 (emphasis added).)

This exchange between the bankruptcy court and the Debtor shows that the Debtor was presented with the possible outcomes for her case. The Debtor repeatedly insisted that, against the advice of counsel, she wanted to continue in her chapter 13 case. To be sure, she expressed a preference of dismissal without a bar to conversion, but she also expressed the clear desire to continue in chapter 13 and not have the case dismissed on that day. Moreover, as noted by the bankruptcy court in its orders, the Debtor's actions while the motion for summary judgment was under advisement reinforce her desire to stay in chapter 13. She filed amendments to both her schedules and plan. And she did not file a motion to dismiss pursuant to 11 U.S.C. § 1307.

Following entry of the Conversion Order, the Debtor tried many tactics to vacate the conversion. But it took two years before the Debtor claimed that the bankruptcy court had violated her absolute right to dismiss her chapter 13 case prior to conversion.

The Bankruptcy Code is clear. "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." 11 U.S.C.A. § 1307(b). Section 1307(b) provides an absolute right for a debtor to dismiss her chapter 13 case, so long as two conditions are met. The debtor must REQUEST dismissal, and she must do so BEFORE the case is converted. Here, the Debtor has not shown that she made a request for dismissal prior to conversion. The bankruptcy court and this Panel examined the docket and the transcript of the May 7, 2020 Conversion Hearing and reached the same conclusion. The Debtor did not request dismissal, in fact she did the opposite, expressing through words and actions, a desire to continue in chapter 13. It was only after conversion that she sought to dismiss the case. Additionally, § 1307 does not grant a debtor an absolute right to dismiss a case after the case has been converted. Accordingly, 11 U.S.C. § 1307 does not apply.

The Panel does not need to address the issues surrounding whether the bankruptcy court properly applied the one-year time limit applicable to Rule 60(b)(1) motions or whether it should have treated the Debtor's motion as one under Rule 60(b)(6) which may be brought at any time, because under either Rule the Debtor's argument fails.

As stated in the Trustee's motion to dismiss in BAP Case No. 22-8020, the actions sought to be stayed in that appeal have already occurred and cannot be undone at this point in time. As such, that appeal is moot.

**CONCLUSION**

The Panel finds that the bankruptcy court did not err in its determination that the Debtor did not request dismissal prior to conversion. Once the case was converted to chapter 7 the Debtor had no right to dismissal pursuant to § 1307. Accordingly, the bankruptcy court's Order Denying Motion to Dismiss (BAP Case No. 22-8018) is **AFFIRMED**. All additional requests for relief contained in the Motion for Injunctive and Other Relief (BAP Case No. 22-8020) are moot. The motion requesting dismissal of BAP Case No. 22-8020 is **GRANTED**.