[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12889

Non-Argument Calendar

_____

In re:

 SARA I. GARCIA,

Debtor.

_____

SARA I. GARCIA,

Plaintiff-Appellant,

*versus*

OCWEN LOAN SERVICING, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-23918-JEM,
Bkcy No. 15-bk-28640-RAM

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Nearly seven years ago, a bankruptcy court determined that this controversy between Sara Garcia, a pro se debtor, and Ocwen Loan Servicing, LLC did not belong in federal court, and that Ocwen should be granted relief from the automatic stay. Ever since, Garcia has contested that decision. We now hopefully put an end to that dispute. We dismiss Garcia's appeal in part and affirm in part.

**I.**

This appeal arises from Garcia's Chapter 13 bankruptcy.[1] Ocwen objected to Garcia's plan and moved to be allowed to file a late claim, alleging that it had a security interest in real property owned by Garcia in Hialeah, Florida. Garcia asked the bankruptcy court to find that the Note attached to Ocwen's claim was a forgery and to declare that it did not create an enforceable lien. Ocwen

_____

[1] We assume the parties' familiarity with this case's complex procedural history and discuss only those portions necessary to resolve this appeal.

said that Garcia had already litigated its standing and lost in Florida state court.

The bankruptcy court denied Ocwen's motion to file a late claim, but it found that Ocwen or its predecessor in interest had obtained a final foreclosure judgment against Garcia in state court prior to the commencement of the bankruptcy proceedings. The bankruptcy court considered it to be an "absolute limitation" on its authority that it was "not an appellate court to review state court judgments." So, on August 23, 2016, it entered an order both (1) abstaining from consideration of Ocwen's claim and (2) granting Ocwen relief from the automatic stay—ensuring that the dispute between Garcia and Ocwen could continue to be resolved through the state court system. And it accordingly overruled Garcia's objections to Ocwen's claim as moot.

Garcia—believing that the bankruptcy court should have declared the Note a forgery and prevented Ocwen from enforcing the foreclosure judgment—has contested the August 23 order to this day. Over the next several years, this litigation became a procedural morass as Garcia filed motions to reconsider, multiple appeals, a Rule 60 motion, and a motion to reinstate a previously dismissed appeal. Ultimately, it all led to Garcia simultaneously having appeals in two separate district court cases—both of which challenged the August 23 order, and one of which also challenged the denial of Garcia's Rule 60 motion. The first district court dismissed Garcia's appeal of the August 23 order for lack of prosecution. The second district court denied Garcia's motion for

leave to appeal the bankruptcy court's orders, finding Garcia's arguments barred by res judicata because of the first district court's order. It also denied Garcia's motion to reconsider that decision.

Garcia appealed both district court's orders to this Court in a single notice of appeal. We dismissed her appeal of the first district court's order as untimely. And we carried with the case the question of our jurisdiction over Garcia's appeal of the second district court's orders—and the underlying August 23 order, denial of Garcia's Rule 60 motion, and denials of her motions to reconsider those orders.

## II.

"In the bankruptcy context, this court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." *In re Daughtrey*, 896 F.3d 1255, 1273 (11th Cir. 2018) (quotation omitted). We review a bankruptcy court's decision to lift an automatic stay and its denial of a Rule 60(b) motion for abuse of discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *Lambrix v. Sec'y, Florida Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017). We may affirm on any ground supported by the record. *In re Feshbach*, 974 F.3d 1320, 1328 (11th Cir. 2020).

## III.

We begin by assessing our jurisdiction. Garcia is not precise in either her appellate briefing or her Rule 60 motion about what

21-12889                Opinion of the Court                5

portion of the bankruptcy court's August 23 order she is challenging—the abstention, the relief from the automatic stay, or both. For purposes of our jurisdiction, that distinction matters a great deal. This Court is strictly forbidden from reviewing a bankruptcy court's "decision to abstain" under 28 U.S.C. § 1334(c). 28 U.S.C. § 1334(d); *see also Christo v. Padgett*, 223 F.3d 1324, 1331–32 (11th Cir. 2000). But an order granting relief from an automatic stay is a reviewable final order. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). Such orders are not covered by § 1334(d)'s text, and the question of whether to grant relief from the automatic stay is analytically distinct from the question of whether to abstain. *See* 28 U.S.C. § 1334(d); 9 Collier on Bankruptcy ¶ 5011.02 (16th ed. 2023). So as long as we do not question the abstention order, we may review the bankruptcy court's decision to grant Ocwen relief from the automatic stay.

To the extent that Garcia's appeal asks us to review the decision of the bankruptcy court "to abstain" from the controversy between Garcia and Ocwen, we dismiss it for lack of jurisdiction. But, liberally reading Garcia's pro se filings as also challenging the stay relief order, we face one question: Did the bankruptcy court abuse its discretion when it granted Ocwen relief from the automatic stay?[2]

_____

[2] Because we may affirm on any ground in the record, we do not address whether the district court's reliance on res judicata was proper.

It did not. Garcia accuses the bankruptcy court of being in a conspiracy with Ocwen, claiming that the court's conduct at an August 16, 2016, hearing and afterward proves that the court was biased against her. But, having reviewed the record, we see only a bankruptcy court that conscientiously sought to ensure that the stay did not interfere with matters that were outside of the scope of the bankruptcy. We certainly do not see any evidence of a conspiracy or any other abuse of discretion in granting relief from the stay.

For the same reasons, the bankruptcy court did not abuse its discretion in denying Garcia's Rule 60 motion or her motions to reconsider its other orders. And having abstained from considering Ocwen's claim, the bankruptcy court was correct to deny Garcia's objections to that claim as moot.

That resolves this appeal. The rest of Garcia's arguments either raise issues of state law regarding Ocwen's relationship with the foreclosure judgment or challenge the bankruptcy court's abstention order. But these issues are not properly before this Court.

⋆    ⋆    ⋆

We **DISMISS** this appeal for lack of jurisdiction to the extent it asks us to review the bankruptcy court's "decision to abstain," and we otherwise **AFFIRM.**