**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-2271**

KRISTIN E. SCHELIN; MARK A. WATSON,

Plaintiffs - Appellees,

v.

KARL LINARD MALLOY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:24-cv-00002-MHL)

Submitted:  November 25, 2025                    Decided:  December 1, 2025

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Karl Linnard Malloy, Appellant Pro Se.  Christopher Lawrence Perkins, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Linard Malloy appeals the district court's order affirming the bankruptcy court's order remanding to the state court a real estate contract dispute that Malloy had removed to the bankruptcy court to be addressed in the context of his Chapter 13 bankruptcy case. The bankruptcy court determined that mandatory abstention was appropriate under 28 U.S.C. § 1334(c)(2). The bankruptcy court also modified the automatic stay to allow the state case to proceed to final judgment but required the parties to seek relief from the bankruptcy court prior to executing any judgment issued by the state court. The district court affirmed the bankruptcy court's order. In his appeal from the district court's order, Malloy contends that the bankruptcy court erred by modifying the automatic stay and erred in concluding that abstention was appropriate. We affirm in part and dismiss in part.

An order modifying the automatic stay is a final appealable order because it resolves a discrete dispute in the bankruptcy case. *Ritzen Grp. Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37-38 (2020). "Congress . . . has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate." *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994). We have reviewed the record and discern no abuse of discretion by the bankruptcy court in modifying the automatic stay to allow the state court to adjudicate the real estate contract dispute, which had been proceeding in the state courts for 18 months prior to Malloy filing his bankruptcy petition. We therefore affirm the portion of the district court's order upholding the modification of the automatic stay.

2

Malloy also contests the portion of the order remanding the case to the state court. However, "[a]ny decision to abstain . . . made under [28 U.S.C. § 1334(c)] . . . is not reviewable by appeal or otherwise by the court of appeals." 28 U.S.C. § 1334(d). Because we lack jurisdiction to review the propriety of the decision to abstain, we dismiss this portion of the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] To the extent that Malloy challenges the bankruptcy court's order granting the Appellees' motion for an expedited hearing on the motion to remand, we find no abuse of discretion by the district court.